**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :     **Cr. No. 05-186 (RJL)** |
| | : |
| GREGORY A. GOODING. | : |

## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Mr. Gregory A. Gooding, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all statements allegedly made by Mr. Gooding.  Mr. Gooding requests an evidentiary hearing on this motion.  In support of this motion, Mr. Gooding submits the following.

<u>FACTS</u>

Mr. Gooding is charged with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  The charge arose out of an incident that occurred on April 20, 2005.

On that date, United States Marshals entered Mr. Gooding's home and searched the home and Mr. Gooding.  According to the Marshals, they recovered a 9mm handgun.

The Marshals did not have a warrant to enter or to search. Although the police reports claim that the Marshals entered the apartment in order to evict Mr. Gooding, the government has produced no document authorizing the Marshals to enter the premises for purposes of an eviction.  Absent a court order, the Marshals' entry into the apartment was unlawful, and the subsequent search of the apartment and Mr. Gooding were unlawful.

According to the information provided to undersigned counsel pursuant to Federal Court Rule of Criminal Procedure 16, in following his arrest, Mr. Gooding made a statement.  The statement was made in response to custodial interrogation, and Mr. Gooding did not make a valid (knowingly and intelligently made) waiver of his Fifth Amendment rights.

<u>ARGUMENT</u>

The use of any statements must be suppressed because any such statements were the fruit a violations of Mr. Gooding's Fourth Amendment rights.  <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).  As set forth in Mr. Gooding's Motion to Suppress Tangible Evidence, government officers searched Mr. Gooding's apartment without a warrant and without consent.  Any statements were the fruits of this illegal search.

2

The statements also must be suppressed because they were obtained in violation of Mr. Gooding's Fifth Amendment rights. The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." Miranda v. Arizona, 384 U.S. 436, 478 (1966). In order to protect the privilege, the Supreme Court set forth procedural safeguards. The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Id. at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the Miranda warnings and subsequently makes a knowing and intelligent waiver of these rights. Id. The government bears the burden of demonstrating that the Miranda warnings were given and that the defendant has made a knowing and intelligent waiver. Id.

The elements of a <u>Miranda</u> violation are present in this case. At the time the statements were allegedly obtained from him, Mr. Gooding was in custody and had been arrested, and the statements were made in response to questioning by police officers. At the time that the statements were made, Mr. Gooding had not made a knowing and intelligent waiver of his Fifth Amendment rights. The statements were therefore taken in violation of these rights and must be suppressed.

<u>CONCLUSION</u>

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Gooding respectfully requests that this motion be granted and that the Court suppress the use as evidence of all statements allegedly made by Mr. Gooding.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004

(202) 208-7500