```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA.**          :
                                       :
    **v.**          :          Cr. No. 05-186 (RJL)
                                       :
**GREGORY A. GOODING.**                :

### MOTION TO SUPPRESS TANGIBLE EVIDENCE
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Gregory A. Gooding, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him or from the search of 3711 Horner Place, S.E., on April 20, 2005. Mr. Gooding requests an evidentiary hearing on this motion. In support of this motion, Mr. Gooding submits the following.

### Factual Background

Mr. Gooding is charged with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The charge arose out of an incident that occurred on April 20, 2005.

On that date, United States Marshals entered Mr. Gooding's home and searched the home and Mr. Gooding. According to the Marshals, they recovered a 9mm handgun.

The Marshals did not have a warrant to enter or to search. Although the police reports claim that the Marshals entered the apartment in order to evict Mr. Gooding, the government has produced no document authorizing the Marshals to enter the premises for purposes of an eviction. Absent a court order, the Marshals' entry into the apartment was unlawful, and the subsequent search of the apartment and Mr. Gooding were unlawful.

### Argument

The evidence must be suppressed as a fruit of the unlawful warrantless search of the apartment. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, 389 U.S. 347, 357 (1967).

Here, the Marshals did not have a search warrant to search the apartment, and there is no applicable exception to the warrant requirement. Absent a showing of an exception to the

warrant requirement, the evidence seized from the apartment must be suppressed.

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Gooding respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized from 3711 Horner Place, S.E., and/or from Mr. Gooding.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500