IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Criminal No. 05-186 (RJL) |
| **GREGORY A. GOODING** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**OPPOSITION TO MOTION TO SUPPRESS EVIDENCE,
AND OPPOSITION TO REQUEST FOR EVIDENTIARY HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant Gregory Gooding's motion to suppress evidence. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**FACTUAL BACKGROUND**

Gregory Gooding is charged in a one-count indictment, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The charge arose out of an incident that occurred on April 20, 2005.

On that date, an United States Marshal responded to a call to assist the Deputy Marshal with a court ordered eviction that was taking place at xxxx xxxxxx xxxxx S.E., xxxxxxxxx x xx. When the Marshal arrived at the scene, the Deputy Marshal handed him a Ruger P95DC Semi-Automatic hand gun and a magazine containing fifteen 9mm rounds of ammunition. Deputy Marshal had found the weapon after he entered the apartment to serve the defendant with the eviction. When the Marshal asked the defendant if he wanted to get any of his personal items

before the movers came, the defendant stated that he needed to get his "wallet" from the bedroom. The Marshals escorted the defendant into the bedroom, where the defendant felt around the mattress area of the bed. The Marshal subsequently approached the area where he observed the defendant feeling and recovered the loaded 9mm pistol from underneath the mattress. Further responding to the apartment, the Marshal asked the defendant if he had anything on him, to which the defendant said that he had $700.00 in his shoe and that he wanted to give it to his girlfriend. The Marshal retrieved the $700.00 from the shoe and gave it to the defendant's girlfriend. The defendant was placed under arrest for Felon in Possession.

Following the arrest, the defendant gave a full post rights video taped statement that he owned the pistol and had put it under the mattress.

## ARGUMENT

**I.      MARSHALS HAD REASONABLE ARTICULABLE SUSPICION TO SEARCH MR. GOODING'S MATTRESS AND PROBABLE CAUSE TO ARREST HIM, WHICH MAKES THE SEARCH AND ARREST LEGAL, AND PHYSICAL EVIDENCE OBTAINED AS A RESULT MUST NOT BE SUPPRESSED**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In the instant case, the search of the apartment was reasonable because the Marshals were conducting a court ordered eviction of the defendant from his apartment. Further, the search of the mattress specifically was reasonable because the defendant's actions in the bedroom caused the Marshal to become concerned that there might be something under the mattress. Because the entry into Mr. Gooding's apartment was lawful, the resulting search and arrest conducted by the law enforcement officers, were therefore reasonable. Evidence recovered as a result of this does not violate the Fourth Amendment and should not be

excluded.

A seizure occurs in one of two circumstances: (1) officers apply physical force to the individual, and/or (2) the individual submits to a show of authority by law enforcement officers. California v. Hodari D., 499 U.S. 621, 626 (1991).  In order to seize an individual, officers must have probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37.  Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "may be afoot." United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30).

In this case, the facts establish that the search of Mr. Gooding's mattress was lawful and that there was probable cause to support his arrest.  The government can demonstrate that the Marshals possessed the requisite probable cause or reasonable suspicion to search Mr. Gooding's mattress.  Because the firearm was recovered as a result of this legal search, the physical evidence should not be suppressed.

**II.     VIDEO TAPED CONFESSION WAS FULL POST RIGHTS AND LEGAL, AND STATEMENT OBTAINED AS A RESULT MUST NOT BE SUPPRESSED**

The statements must not be suppressed because they were obtained lawfully and do not violate Mr. Gooding's Fifth Amendment rights.  The Supreme Court has held that prior to custodial interrogation an individual must be warned and read his rights. Miranda v. Arizona, 384 U.S. 436, 479 (1966).  Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the Miranda warnings and subsequently

makes a knowing and intelligent waiver of these rights. Id. In the present case, the defendant was arrested, brought back to the task force office and was advised of his rights. The defendant waived these rights and made a video taped statement to the detectives that the weapon was his and that he kept it for protection. Because the defendant was warned of his rights and waived them, the subsequent statement made to the detectives during the video taped confession should not be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, the government opposes Gregory Gooding's request that the Court should suppress any evidence and statements obtained by the officers as a result of the apartment search and interrogation. The facts support the legality of the search and video taped confession, so the Court should allow evidence recovered by the officers during the search and post-arrest confession.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
PATRICIA KING MCBRIDE
Narcotics Section
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7549