UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 05-186 (RJL) |
| v. | : | |
| | : | |
| | : | Sentencing |
| GREGORY A. GOODING, | : | January 20, 2006 |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

**I.     Introduction**

On October 14, 2005, Defendant Gregory A. Gooding pleaded guilty before this Court to Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Defendant Gooding's base offense level is 17, which takes into account the fact that he committed the instant offense after sustaining a prior felony conviction for a controlled substance offense and incorporates a three-level downward adjustment for acceptance of responsibility pursuant to Section 3E1.1(b) of the United States Sentencing Guidelines. Defendant Gooding's criminal record places him in Criminal History Category III. Thus, Defendant Gooding's Sentencing Guidelines range is 30 to 37 months.

This Court should impose a sentence within the Sentencing Guideline range. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in *Blakely v. Washington*, 542 U.S. 296 (2004). Nonetheless, a sentencing court must consult the Guidelines and

take them into account with other sentencing factors enumerated in 18 U.S.C. § 3553 to fashion a reasonable sentence. *United States v. Price*, 409 F.3d 436, 442-443 (D.C. Cir. 2005). The sentencing factors enumerated in 18 U.S.C. § 3553 fall into three main categories: the nature of the offense, the needs of the public, and the history and characteristics of the defendant. *United States v. Ranum*, 353 F. Supp. 2d 984, 989 (E.D. Wis. 2005).

## II.     Sentencing Factors Under 18 U.S.C. § 3553

### A.     *The Nature of the Offense and the Needs of the Public*

Defendant Gooding's criminal conduct in the instant matter is troubling. On April 20, 2004, members of the United States Marshals Service went to Defendant Gooding's residence, at 3711 Horner Place, S.E., Apartment 31, in Washington, D.C., to evict him. Defendant Gooding told the marshals that he needed to go to his bedroom to retrieve his wallet. Once the marshals escorted Defendant Gooding to the bedroom, he lingered near the mattress area of his bed. Becoming suspicious, one of the marshals approached the bed and recovered a Ruger PD95DC semiautomatic handgun, loaded with fifteen rounds of ammunition, from the mattress. After waiving his *Miranda* rights, Defendant Gooding told a member of the Metropolitan Police Department that he saw another individual hide the gun in the alley outside his apartment, retrieved it, and kept it for protection because his apartment had been burglarized several times. Assuming that it is true, Defendant Gooding's statement cuts both ways. On the one hand, it indicates that Defendant Gooding is willing to take responsibility for his possession of the gun, and suggests that he kept the gun for self-defense, rather than for criminal purposes. On the other hand, Defendant Gooding's possession of the gun, and his plan to use it for "protection," evince a willingness to flout the law in a manner that is particularly dangerous to the public.

B.      *The History and Characteristics of the Defendant*

Defendant Gooding has three prior criminal convictions. Only one, a 2002 conviction for Distribution of PCP and Possession with Intent to Distribute PCP, is a felony; the other two convictions are for Possession of Marijuana and No Permit. Presentence Investigation Report ("PSI") ¶¶ 22-24. Defendant generally has performed poorly on probation; his probation for the felony controlled substance conviction was terminated unsuccessfully, and he was on probation for his two other convictions when arrested for the instant offense. *Id.* In addition, his probation officer in the marijuana possession case stated that although Defendant Gooding reported regularly and remained drug-free, he had failed to maintain steady employment over the probationary period and to complete forty hours of community service. *Id.* ¶ 23.

Defendant Gooding has done well while on release in the instant case, however. His pretrial services officer reports that he is in "full compliance" with his release conditions. Specifically, he reports as instructed, consistently tests negative for all illegal substances, and abides by his 10 p.m. curfew. *Id.* ¶ 6. Indeed, Defendant Gooding apparently has not tested positive for illegal substances since 2001. *Id.* ¶ 44. Moreover, Defendant Gooding was employed full-time at the Whole Foods Market in Dupont Circle at the time of the offense in this case. Although he lost that job after his arrest and detention, he found work as a driver for Domino's Pizza, and was working there at the time the presentence investigation report was prepared. *Id.* ¶¶ 48-49. Defendant Gooding also maintains a relationship with his two daughters, aged three years and one month. *Id.* ¶¶ 36-37. Indeed, he has physical custody of his older daughter every other weekend, and his daughter's mother describes him as "a good father." *Id.* ¶ 37.

### III.     Conclusion

Although Defendant Gooding pleaded guilty to a serious criminal offense that presents a real danger to the public, his history and characteristics suggest that a sentence at the low end of the applicable sentencing guidelines is reasonable and appropriate. For all of the above reasons, the Government respectfully recommends that the Court impose a period of incarceration of 30 months.

> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> United States Attorney

BY: _____
JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
(202) 514-7549