UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 05-186 (RJL) |
| v. | : | |
| | : | |
| | : | Sentencing |
| GREGORY A. GOODING, | : | January 20, 2006 |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S REPLY TO
### DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to address two points raised in Defendant's sentencing memorandum.

### ARGUMENT

First, Defendant argues that his Guidelines sentencing range is based on the double counting of his criminal history, because his prior conviction for a felony drug offense added one point to his criminal history score *and* raised his offense level from 14 to 20 under § 2K2.1(a)(4) of the Guidelines. Section 2K2.1(a)(4) prescribes an offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." If this section had not applied to Defendant, his offense would have been 14, pursuant to § 2K2.1(a)(6). Defendant's double-counting argument is meritless. Section 2K2.1(a)(4) represents a policy decision on the part of Congress and the Sentencing Commission that the unlawful possession of a gun is a more serious offense when it is committed by a person with *certain kinds of* prior convictions, specifically convictions for either a crime of violence or a controlled substance offense. Unlike § 2K2.1(a)(4), the Guidelines governing the

calculation of criminal history do not take into account the *nature* of prior convictions. Defendant's prior drug conviction therefore was not double counted.

Second, Defendant argues that he should receive a four-level reduction in his offense level because he pleaded guilty very early. In support of this argument, Defendant points to a policy statement, contained in § 5K3.1, that provides: "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." The Government has not moved for such a departure in this case. Moreover, although Defendant argues that he "agreed to plead early on in the proceedings," he did not actually enter a plea until nearly six months after his arraignment, during which time he filed motions to suppress statements and tangible evidence, the Government filed an opposition, and a motions hearing date was set. Defendant is not entitled to a four-level reduction in his offense level.

## CONCLUSION

For the reasons stated above and in its initial memorandum in aid of sentencing, the Government respectfully requests that the Court sentence Defendant to a term of imprisonment of 30 months.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

BY: _____
JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
(202) 514-7549